UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CANTRELL, ) | |
| ) | Civil Action Number: |
| Plaintiff, ) | |
| ) | FLSA Action |
| v. ) | Jury Trial Demanded |
| ) | |
| MATTHEW A. DICKASON, P.C., a ) | |
| Georgia Professional Corporation, and ) | |
| MATTHEW A. DICKASON, and ) | |
| ZACH WACHS, Individuals ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff Donna Cantrell ("Plaintiff") by and through her undersigned counsel, and files this lawsuit against Defendants Matthew A. Dickason, P.C. (hereinafter "Dickason, P.C."), Matthew A. Dickason (hereinafter "M. Dickason"), and Zach Wachs (hereinafter "Wachs") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

### INTRODUCTION

1. The instant action arises from Defendants Dickason, P.C., M. Diackason, and Wachs' (Collectively "Defendants") violations of Plaintiff's rights under the FLSA, 29 U.S.C. §§ 201, et seq., as amended and specifically the

provisions of the FLSA found at § 216(b) to remedy violations of the overtime provisions of the FLSA by Defendants which have deprived Plaintiff of her lawful minimum and overtime wages.

2.  This action is brought to recover unpaid minimum wage and overtime compensation owed to Plaintiff, pursuant to the FLSA.

3.  Plaintiff was employed by Defendants and, who during the time relevant to this action worked from her home as a telecommuter, variously as a Short Sale Facilitator, Refinance Contract Pre-closer, Short Sale Pre-closer, and Client Relationship "Manager" based from 1801 Peachtree Street North East, Suite 155, Fulton County, Atlanta, Georgia, 30309 (hereinafter "Defendants' Atlanta Location").

4.  During the employment of Plaintiff, Defendants committed violations of the FLSA by failing to compensate Plaintiff at the legally appropriate minimum wage for <u>all</u> hours worked, and the legally appropriate overtime rate for all hours worked in excess of 40 hours in a given workweek.

5.  During the employment of Plaintiff, Defendants committed widespread violations of the FLSA by failing to compensate Plaintiff at the legally appropriate minimum wage for all hours worked , and the legally appropriate overtime rate for hours worked in excess of 40 hours in a given work week

6. Plaintiff seeks minimum wage and overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

8. Venue is proper in the Northern District of Georgia under 28 U.S.C. §1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants are subject to personal jurisdiction in this District.

## PARTIES

9. Plaintiff resides in Douglasville, Douglas County, Georgia (within this District).

10. Plaintiff was employed by Defendants to work variously and sometimes in combination as a Short Sale Facilitator, Refinance Contract Pre-closer, Short Sale Pre-closer, and Client Relationship "Manager" from on or about September 17, 2014 thru on or about January 6, 2016.

11. At all times material to this action, Plaintiff was an "employee" of Defendants defined by § 203(e) (1) of the FLSA, although she was illegally treated as an "independent contractor" by them, and worked for Defendants within the territory of the United States.

12. Plaintiff is further covered by §§ 203, 206, and 207 of the FLSA for the period in which she was employed by Defendants.

13. During the time relevant to this action, Plaintiff was an employee of Defendants and who was engaged in commerce or in the production of goods for commerce

14. Defendant Dickason, P.C., is a professional corporation formed under the laws of the State of Georgia and provides its clients with solutions regarding real estate closings and title services from Defendants' Atlanta Location and elsewhere.

15. Upon information and belief, Defendant M. Dickason is an owner of Defendant Dickason, P.C.

16. Upon information and belief, Defendant Wachs is an executive of Defendant Dickason, P.C.

17. Defendants conduct business within this State and District.

18. Defendants maintained either actual or constructive control, oversight and direction of Defendants' Atlanta Location, including the employment and pay and other practices of that operation.

16. Defendant Dickason, P.C. is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Matthew A. Dickason, at 1801 Peachtree St. NE, Suite 155, Fulton, Atlanta, GA, 30309,.

17. Defendant M. Dickason is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served at 1801 Peachtree St. NE, Suite 155, Fulton, Atlanta, GA, 30309.

18. Defendant Wachs is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served at 1801 Peachtree St. NE, Suite 155, Fulton, Atlanta, GA, 30309.

19. At all times material to this action, Defendant Dickason, P.C., was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

20. At all times material to this action, Defendant Dickason, P.C.was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

21. Upon information and belief, at all times material to this action, Defendant M. Dickason was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

22. Upon information and belief, at all times material to this action, Defendant Wachs was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

23. The minimum hourly wage provisions set forth in § 206 of the FLSA apply to Defendants.

24. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## FACTUAL ALLEGATIONS

25. At various times relevant to this action, Plaintiff's primary duties, working from her home as a telecommuter, included Short Sale Facilitator, Refinance Contract Pre-closer, Short Sale Pre-closer, and Client Relationship "Manager" based from Defendants' Atlanta Location.

26. At all times relevant to this action, Plaintiff's primary duty was not the management of the enterprise in which she was employed, nor of a customarily recognized department or subdivision thereof.

27. At all times relevant to this action, Plaintiff did not possess the authority to hire or fire other employees.

28. At all times relevant to this action, Plaintiff did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities she performed.

29. At all times relevant to this action, Plaintiff was a non-exempt employee for purposes of overtime compensation.

30. At all times relevant to this action, Plaintiff was at times required to work in excess of forty (40) hours a week.

31. At times relevant to this action, Plaintiff was at times required to work for no compensation whatsoever.

32. At all times relevant to this action, Defendants did not compensate Plaintiff for all time worked or for all time worked in excess of forty (40) hours per week at rates at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, 206 and 207.

33. The records, if any, concerning the number of hours actually worked by Plaintiff, and the compensation actually paid to Plaintiff were required to be kept by Defendants.

34. Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §206, § 207 or § 213 with respect to Plaintiff.

35. Defendants had complete control over the manner in which Plaintiff performed her work.

36. Plaintiff had very little opportunity, if any, for profit or loss depending upon her managerial skill.

37. Plaintiff had no investment in equipment as she utilized an existing computer laptop which she owned.

38. The service rendered by Plaintiff did not require a special skill.

39. The working relationship had the possibility for a high degree of permanency and duration.

40. The services rendered by Plaintiff were an integral part of Defendants' business.

41. During her more than one year working relationship with Defendants, Plaintiff was economically dependent upon her job with Defendants.

42. Defendants failed to meet the requirements for paying Plaintiff at a rate at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, 206 and 207.

43. Defendants are liable to Plaintiff for compensation for any and <u>all</u> time worked and for any and all time worked in excess of 40 hours per week at the rates at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, 206 and 207.

44. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

45. As a result of Defendants' willful violations of the FLSA and lack of good faith related thereto, Plaintiff is entitled to liquidated damages.

46. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

47. Plaintiff demands a jury trial.

## COUNT I

48. Plaintiff repeats and incorporates by reference paragraphs 1-47 herein.

49. By their actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

50. Defendants have willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay Plaintiff's minimum wage in an amount required by law, and overtime compensation in an amount at a rate not less than one and one-half times the regular rate at which she was employed.

51. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive minimum wage in an amount required by law, and an overtime rate not less than one and one-half times the regular rate at which she was employed.

52. Defendants have not made a good faith effort to comply with the FLSA with respect to its overtime compensation of Plaintiff.

53. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of minimum wage as required by law and overtime compensation equal to not less than one and one-half times the regular rate at which she was employed in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. That Plaintiff be awarded damages in the amount of her unpaid compensation, plus an equal amount of liquidated damages;

B. That Plaintiff be awarded reasonable attorneys' fees;

C. That Plaintiff be awarded the costs and expenses of this action; and

D. That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which she may be entitled.

Respectfully submitted this 11th day of January, 2016.

MARTIN & MARTIN, LLP

By: /s/ Thomas F. Martin
Thomas F. Martin
tfmartinlaw@msn.com
Georgia Bar No. 482595
Kimberly N. Martin
kimberlymartinlaw@gmail.com
Georgia Bar No. 473410
MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085-1070
(770) 344-7267 / (770) 837–2678 Fax